# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLENE F. CASTRO, | CASE NO. 09cv1347-WQH-JMA |
| Plaintiff, | **ORDER** |
| vs. | |
| HOME CAPITAL FUNDING; AMERICAS SERVICING COMPANY; FIRST AMERICAN LOAN STAR TRUSTEE SERVICES; and DOES 1-10, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant America's Servicing Company. (Doc. # 5).

**I.     Background**

On June 23, 2009, Plaintiff, proceeding pro se, initiated this action by filing a "Complaint and Request for Original Promissory Note of Real Property Located at 1640 Maple Drive Unit 65, Chula Vista, CA [91911], APN # 624-042-04-65, Original Promissory Note; Violation of GAAP, RESPA, UCC; The Fair Debt Collection Practices Act; Fraud in Inducement. Memorandum of Points and Authorities in Support of Complaint" ("Complaint"). (Doc. # 1). The Complaint alleges that "[o]n or about 08/31/05, [Plaintiff] Merlene F. Castro applied and was granted a Mortgage for the property located at 1640 Maple Drive Unit 65, Chula Vista, CA [91911] ... (hereinafter 'property'), and signed a 'Promissory Note' ... for

$351,000.00 from [Defendant] Home Capital Funding which was used to pay off and secure the ... 'property' in dispute." (Compl. at 4). The Complaint alleges that "the ownership of the Promissory Note has changed hands" and Defendant "America's Servicing Company ... is making claim to be the holder of the note as America's Servicing Company is collecting payments on said note." (Compl. at 4-5). The Complaint alleges that on April 23, 2009, "Defendant America's Servicing Company filed a 'Notice of Default' on the property ... through their trustee [Defendant] First American Loan Star Trustee Services and [is] attempting to acquire the ... property unlawfully." (Compl. at 5). The Complaint alleges the following causes of action: (1) breach of contract; (2) violation of generally accepted accounting principles; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"); (4) violation of the Uniform Commercial Code ("UCC"); (5) violation of the Real Estate Settlement Procedures Act ("RESPA"); and (6) fraud in the inducement. The Complaint requests that the Court issue an order declaring that "Defendants have a null and void contract" and "the entire mortgage foreclosure procedure and sale [was] unlawfully conducted and void" and "said property [should] be returned to Plaintiff[] immediately." (Compl. at 32-33).

On August 6, 2009, Defendant First American Loanstar Trustee Services filed a "Declaration of Non-Monetary Status." (Doc. # 4). This Declaration states, "The Complaint arises out of a loan involving the borrower and the lender. Loanstar is simply the foreclosure trustee ..., with the power to foreclose on the property that arises from the Deed of Trust securing the loan." (Doc. # 4 at 2). The Declaration states:

> The Complaint makes no allegations that Loanstar failed to perform any of its duties as a Trustee, nor have any of the remaining Defendants filed a Cross-Complaint against Loanstar alleging any defect in the performance of its duties as trustee, either under the Deed of Trust, or the applicable statutes set forth in Civil Code Section 2924, et seq. ... Given the foregoing facts, Loanstar hereby agrees to be bound by whatever non-monetary Order or Judgment this Court issues with regard to the Deed of Trust.

(Doc. # 4 at 2-3).

On August 6, 2009, Defendant America's Servicing Company filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 5). Plaintiff has not filed an opposition to the Motion to Dismiss.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). When dismissing a pro se complaint for failure to state a claim, "the district court must give the plaintiff a statement of

1  the complaint's deficiencies." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th
2  Cir. 1988).

**III.  Discussion**

    **A.  Failure to Comply With the Rules of Pleading**

"Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a) provides:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10(b) provides: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In order to comply with Rule 8(a)(2), "a pleading must give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotation omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit.... Rule 8[(d)], requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal...." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053 n.4 (9th Cir. 1971)).

Even construing Plaintiff's Complaint liberally, the Complaint fails to comply with the requirements of Rules 8 and 10(b). The Complaint contains less than two pages of allegations which name individual Defendants and allege facts specific to Plaintiff's case. (Compl. at 4-5). The remainder of the 35-page Complaint is entitled "Memorandum of Points and Authorities," and largely consists of a recitation of legal theories and case citations. The

1  Complaint does not contain sufficient factual allegations to give each Defendant fair notice of
2  Plaintiff's claims.  For this reason, Defendant America's Servicing Company's Motion to
3  Dismiss is granted, and the Complaint is dismissed without prejudice in its entirety as to
4  Defendant America's Servicing Company.

5    **B.**  **Claims in the Complaint**

6      **1.**  **Breach of Contract**

7    "A cause of action for damages for breach of contract is comprised of the following
8  elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3)
9  defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Sec. Pac. Bus.*
10 *Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990) (citing *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d
11 (1968)).

12   The Complaint alleges that Plaintiff and Defendant Home Capital Funding entered into
13 a contract.  (Compl. at 4-5).  The Complaint does not allege that Plaintiff and Defendant
14 America's Servicing Company entered into a contract.  For this reason, Plaintiff's breach of
15 contract claim against America's Servicing Company is dismissed without prejudice.

16     **2.**  **Violation of Generally Accepted Accounting Principles**

17   The Complaint cites to 12 U.S.C. § 1831n(2)(A) for the proposition that "the bank is
18 bound by law to Generally Accepted Accounting Principles." (Compl. at 15).  "The boilerplate
19 recitation of the provision requiring FDIC-regulated institutions to comply with GAAP
20 accounting rules, 12 U.S.C. § 1831n(2)(A) ... is highly questionable, given that courts,
21 including this Court, have repeatedly held that a private right of action does not exist under
22 those provisions." *Ruiz v. Saxon Mortgage Servs.*, No. CV09-2766, 2009 WL 1872465, at *1
23 n.1 (C.D. Cal., June 29, 2009).  Even if there was a private right of action for violations of §
24 1831n, the Complaint fails to allege facts indicating which Defendant failed to comply with
25 which generally accepted accounting principle.  For this reason, Plaintiff's claim for
26 "violations of GAAP" against America's Servicing Company is dismissed without prejudice.

27     **3.**  **Violation of Fair Debt Collection Practices Act**

28   "The FDCPA makes it unlawful for debt collectors to use abusive tactics while

1  collecting debts for others." *Gentsch v. Ownit Mortgage Solutions Inc.*, No. CV F 09-649,
2  2009 U.S. Dist. LEXIS 45163, 2009 WL 1390843, at *7 (E.D. Cal., May 14, 2009) (citation
3  omitted). The FDCPA defines a debt collector as "any person ... who regularly collects or
4  attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. §
5  1692a(6). A "debt collector" does not include a person who collects or attempts to collect a
6  debt "to the extent such activity ... concerns a debt which was not in default at the time it was
7  obtained by such person." 15 U.S.C.1962a(6)(F). "The legislative history of section 1692a(6)
8  indicates conclusively that a debt collector does not include the consumer's creditors, a
9  mortgage servicing company, or an assignee of a debt, as long as the debt was not in default
10 at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985);
11 *see also Gentsch*, 2009 WL 1390843, at *7 (same). Additionally, "foreclosing on the property
12 pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."
13 *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Gentsch*,
14 2009 WL 1390843, at *7 (same).

15 The Complaint does not contain sufficient factual allegations to show that Defendant
16 America's Servicing Company is a "debt collector" or has engaged in the "collection of a debt"
17 within the meaning of the FDCPA. For this reason, Plaintiff's FDCPA claim against
18 America's Servicing Company is dismissed without prejudice.

19 **4.  Violation of Uniform Commercial Code**

20 The Complaint alleges that Defendants violated the UCC because "Plaintiff[] demanded
21 presentment of the Promissory Note and w[as] denied by Defendants...." (Compl. at 25). The
22 Complaint further alleges that "Plaintiff[] [is] requesting ... who[] has the original signed, and
23 sealed Promissory Note executed by Plaintiff[] in reference to the 'property' and this must be
24 answered." (Compl. at 26). Plaintiffs' apparent claim is that foreclosure is unavailable in
25 absence of possession of the original promissory note. *See Gentsch*, 2009 WL 1390843, at *5
26 (summarizing the same allegations).

27 Non-judicial foreclosure is governed by California Civil Code §§ 2924-2924l. *See*
28 *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003). "Under Civil Code section 2924, no

1  party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, No.
2  08cv2014, 2009 WL 385855, *3 (S.D. Cal., Feb. 13, 2009) (citing Cal. Civ. Code, §
3  2924(a)(1)); *Bouyer v. Countrywide Bank, FSB*, No. C 08-5583, 2009 U.S. Dist. LEXIS 53940,
4  at *24 (N.D. Cal., June 25, 2009) ("[P]ossession of the original note is not a prerequisite to
5  foreclosure."); *Gentsch*, 2009 WL 1390843, at *6 (same); *Gamboa v. Trustee Corps.*, 2009
6  U.S. Dist. LEXIS 19613, 2009 WL 656285 at *4 (N.D. Cal., Mar. 12, 2009) (same).
7  Accordingly, "any claim Plaintiffs base on the allegation that ... any Defendant had to produce
8  the original Note under the UCC to have foreclosed upon their home fails as a matter of law."
9  *Calderon v. Endres*, No. 09-cv-874, 2009 WL 1953400, at *6 (S.D. Cal., July 7, 2009).
10 Plaintiff's UCC claim against America's Servicing Company is dismissed without prejudice.

### 5. Violation of Real Estate Settlement Procedures Act

Under the RESPA, the borrower, or his agent, can initiate communication with the servicer by providing it with a "qualified written request" for loan information. 15 U.S.C. § 2605(e)(1)(B). A qualified written request is defined as a written correspondence that: (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *See* 12 U.S.C. § 2605(e)(1)(B)(i)-(ii).

The Complaint alleges that Defendants violated the RESPA by ignoring Plaintiff's demand to produce the original promissory note. (Compl. at 27). The Complaint further alleges:

> Plaintiff questioned Defendant[] First American Loan Star Trustee Services on or about 05/28/09 as to whether Defendant First American Loan Star Trustee Services was the Owner or Holder in Due Course of the Promissory Note or their beneficiary America's Servicing Company for which they were collecting payments. Defendant failed to respond and moved forward with foreclosure proceedings, as Plaintiff[] would not make any more payments on the Promissory Note until [she was] sure Plaintiff[] w[as] paying the proper owner or holder in due course of the Promissory Note.

(Compl. at 5).

These allegations are insufficient to state a cause of action for violation of the RESPA. The Complaint does not allege that Plaintiff's "question[ing]" of Defendant First American

1 | Loan Star Trustee Services was done in writing, in a manner which complied with the statutory
2 | requirements for a "qualified written request." Plaintiff's RESPA claim against America's
3 | Servicing Company is dismissed without prejudice.

### 6.     Fraud in the Inducement

Federal Rule of Civil Procedure 9(b) requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) "requires ... an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged") (citation and quotation omitted). "[I]n order for a complaint to allege fraud with the requisite particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 992-93 (9th Cir. 1999) (quotations omitted). In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764-65 (quotation omitted).

The Complaint's fraud allegations fail to satisfy the requirements of Rule 9(b). The Complaint fails to identify "the specific content of the false representations as well as the identities of the parties to the misrepresentations" and fails to "inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764-75. Plaintiff's fraud claim against America's Servicing Company is dismissed without prejudice.

**IV.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant America's Servicing Company is **GRANTED**.  (Doc. # 5).  The Complaint is **DISMISSED** without prejudice as to Defendant America's Servicing Company.

DATED:  October 28, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge